UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINE ANUNCIATO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, et al.,<br><br>  Defendants. | Case No. 20-cv-07869-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

On April 22, 2020, former President Trump signed into law Presidential Proclamation 10014, titled *Suspension of Entry of Immigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak*. 85 Fed. Reg. 23441 (2020). Plaintiffs, a large group of visa applicants and their beneficiaries, filed this case in November 2020 to challenge the lawfulness of Proclamation 10014. Three months later, newly elected President Biden signed Proclamation 10149, which entirely revoked Proclamation 10014. The government now moves to dismiss the suit on mootness grounds. For the reasons set forth below, the motion is granted.

## II. BACKGROUND

The relevant history of Proclamation 10014's signing, extension, and revocation is fairly straightforward. The ostensible purpose of Proclamation 10014 was to protect the American labor market, destabilized by COVID-19, from overcrowding by foreign workers. Section 1 of Proclamation 10014 reads: "*Suspension and Limitation on Entry*. The entry into the United States

of aliens as immigrants is hereby suspended and limited subject to section 2 of this proclamation." *Id.* (italics in original). Section 2 indicates the "suspension and limitation on entry pursuant to section 1 of this proclamation shall apply only to aliens who:

> (i) are outside the United States on the effective date of this proclamation;
> (ii) do not have an immigrant visa that is valid on the effective date of this proclamation; and
> (iii) do not have an official travel document other than a visa (such as a transportation letter, an appropriate boarding foil, or an advance parole document) that is valid on the effective date of this proclamation or issued on any date thereafter that permits him or her to travel to the United States and seek entry or admission."

The suspension and limitation do not apply to lawful permanent residents of the United States; any individual, and their immediate family, seeking to enter the United States as a "physician, nurse, or other healthcare professional" or to perform medical research or other essential COVID-19-related work; aliens applying for a visa pursuant to the EB-5 investor program; spouses of United States citizens; children under the age of 21 or prospective adoptees of United States citizens; aliens whose entry would support law enforcement; members of the United States armed forces and their immediate families; individuals seeking to enter the United States pursuant to a Special Immigrant Visa in the SI or SQ classification; and "any alien whose entry would be in the national interest" as determined by the relevant agencies. *Id.* Section 3 provides that the Secretary of State and Secretary of Homeland Security "shall implement this proclamation" pursuant to procedures established by the agencies in consultation with one another. *Id.*

On June 22, 2020, former President Trump signed Proclamation 10052, which broadened the previous ban to include nonimmigrants and extended it through December 31, 2020. *Suspension of Entry of Immigrants and Nonimmigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak*, 85 Fed. Reg. 38263 (2020). Proclamation 10131 followed, extending the ban through March 31, 2021. *Suspension of Entry of Immigrants and Nonimmigrants Who Continue To Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak*, 86 Fed. Reg. 417 (2020). After President Biden took office in January of

2021, he issued Proclamation 10149, which revoked Proclamation 10014, as well as section 1 of Proclamations 10052 and 10131. *Revoking Proclamation 10014*. 86 Fed. Reg. 11847 (2021).

The relevant procedural history of this case is more complicated. Plaintiffs' First Amended Complaint ("FAC") seeks relief on behalf of more than 270 Plaintiffs, many of whom have been voluntarily dismissed in the last six months. On April 9, 2021, all of the Diversity Visa 2020 ("DV 2020") applicants, all of the Diversity Visa 2021 ("DV 2021") applicants, and four family-based applicants were dismissed. About six weeks later, three more Plaintiffs were dismissed, leaving 33, all of whom are employment- or family-based. These 33 Plaintiffs represent 23 unique visa applications.

Early in the case in November 2020, Plaintiffs moved for a Temporary Restraining Order. The motion was denied and converted to a motion for a preliminary injunction. Four days later, Plaintiffs moved for class certification, identifying four subclasses: family-based applicants, employment-based applicants, DV 2020 applicants, and DV 2021 applicants. The next day, the government moved to transfer the case to the United States District Court for the District of Columbia. On December 23, 2020, the motion to transfer was denied. On January 29, 2021, Plaintiffs made a motion for leave to file a Second Amended Complaint ("SAC"), in which they sought to add, among other things, a new theory of harm under the Administrative Procedure Act ("APA"). Argument on the motion for preliminary injunction and motion to certify as a class action was heard on January 22, 2021. The day after Proclamation 10149 was issued, February 25, 2021, the government made an administrative motion to decide jurisdictional issues before Plaintiffs' motion for leave to file the SAC. A status conference was held on March 15, 2021 at which the government was directed to file a motion to dismiss on any jurisdictional grounds it believed existed. On April 30, 2021, the government filed the current motion.

## III. LEGAL STANDARD

Federal courts maintain limited jurisdiction; they only have power to hear disputes when authorized by Article III and by Congress pursuant thereto. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). When a federal court lacks jurisdiction, it must dismiss the case.

*Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003). Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Such motions may be brought at any time. Fed. R. Civ. P. 12(h)(3). They can be facial, challenging the court's jurisdiction on the face of the complaint, or factual, presenting extrinsic evidence that demonstrates a lack of jurisdiction on the facts of the case. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts may review evidence beyond the complaint, without converting the motion into one for summary judgment, in resolving a factual attack on jurisdiction. *Id.* (internal citation omitted). The truthfulness of the plaintiff's allegations need not be presumed. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (internal citation omitted).

## IV. DISCUSSION

The government's motion to dismiss is premised on its allegation that the dispute is moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). "A case that becomes moot *at any point* during the proceedings . . . is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quotation marks omitted) (emphasis added).

There are two main exceptions to mootness. The first, the "voluntary cessation" exception, is not relevant here. The second, applicable to cases "capable of repetition, yet evading review," "is limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (internal quotation omitted). Under this exception, a plaintiff "must establish a

1    demonstrated probability that the same controversy will recur involving the same litigants." *Lee v.*

2    *Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985) (citations omitted).

3          In the case of a government defendant, courts "presume that a government entity is acting

4    in good faith when it changes its policy." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014).

5    Indeed, courts "should presume that the repeal, amendment, or expiration of legislation will render

6    an action challenging the legislation moot, unless there is a reasonable expectation that the

7    legislative body will reenact the challenged provision or one similar to it." *Bd. of Trs. of Glazing*

8    *Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). The Ninth

9    Circuit accordingly dismissed a suit as moot after the challenged proclamation was revoked by a

10   subsequent proclamation. *Kavoosian v. Blinken*, 2021 WL 1226734, at *1 (9th Cir. Feb. 9, 2021).[1]

11   The Ninth Circuit similarly granted the government's unopposed motion and directed a court in

12   this district to dismiss as moot a case challenging one of the proclamations at issue here,

13   Proclamation 10052, after it was revoked by Proclamation 10149. *Nat'l Assoc. of Mfrs. v. United*

14   *States Dep't of Homeland Sec.*, No. 20-17132, Dkt. No. 90; *Nat'l Assoc. of Mfrs. v. United States*

15   *Dep't of Homeland Sec.*, No. 20-cv-04887 Dkt. No. 117.

16         According to the FAC, the proclamations caused harm by "radically alter[ing] the hiring

17   behavior of America's employers" and by imposing "emotional, financial, and physical harm" on

18   the Plaintiffs as a result of the "extended delay" caused by the State Department interpretation that

19   halted visa processing. FAC ¶ 285–86. Based on these harms, they assert two discrete claims.

20   Count 1 contends Proclamation 10014 exceeds the authority of the Executive Branch and Count 2

21   asserts a violation of the APA. The APA claim sets forth two theories. First, Plaintiffs argue that

22   the failure to process or adjudicate visas is inconsistent with portions of the comprehensive federal

23   immigration system. Second, they contend the implementation is arbitrary and capricious because

24   the solution (barring the entry of most immigrants) is not rationally related to the problem

25   (domestic unemployment caused by COVID-19). The proposed SAC asserts a third claim under

26

27   [1] Citation to this unpublished Ninth Circuit order is permissible under Ninth Circuit Rule 36-3(b).

28                                                                          ORDER GRANTING MOTION TO DISMISS
                                                                            CASE NO. 20-cv-07869-RS

United States District Court
Northern District of California

the APA for unreasonable delay.

At the outset, it must be determined which complaint is operative. Even if the FAC were to be found moot, which Plaintiffs argue it is not, they still seek leave to file the SAC. Yet it would be improper, if not impossible, for a court to rule on a motion for leave to file after a determination that no case or controversy exists. Plaintiffs do not grapple with the tricky jurisdictional issue they raise. Instead, they merely invoke Federal Rule of Civil Procedure 15 which directs courts to "freely give leave when justice so requires." Courts must, however, resolve jurisdictional issues before turning to other questions. Because Plaintiffs provide no argument resolving the tension between this principle and their request for leave to file, the motion must be denied. The FAC is the operative complaint.

This case is moot because there is no meaningful relief available. As relevant here, Plaintiffs seek three forms of relief: (1) a declaration that Proclamation 10014 is in excess of the Executive Branch's lawful authority, (2) an injunction barring Defendants from "implementing, enforcing, or otherwise carrying out the provisions of the Proclamation," and (3) the vacatur and setting aside of the Proclamation and "any actions taken to implement the Proclamation." FAC at 123. This Court cannot provide any of these remedies.

First, any declaration evaluating the constitutionality of a proclamation no longer in effect would be only advisory and therefore constitutionality impermissible. *See Citizens for Responsible Gov't State PAC v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (noting "[a] declaratory judgment on the validity of a repealed [statute] is a textbook example of advising what the law would be upon a hypothetical state of facts"). The parties therefore lack a "legally cognizable interest in the constitutional validity of an obsolete [proclamation]." *Id*. Second, it would be impossible to enjoin the implementation or enforcement of a proclamation no longer in force. It would furthermore be imprudent to do so when the State Department has taken steps to minimize any residual effects of its implementing guidance – following the revocation, the State Department sent a cable directing diplomatic and consular posts to process visa applications without regard to Proclamation 10014 *and* directed that applicants refused under Proclamation 10014 may be

ORDER GRANTING MOTION TO DISMISS
CASE NO. 20-cv-07869-RS
6

1  reconsidered. Third, and most obviously, a revoked proclamation cannot be vacated or set aside.

2  There is therefore no way to provide any of the requested relief.

3  Moreover, the "capable of repetition, yet evading review" exception does not apply. While

4  the controversy may be of "inherently limited duration," on the theory that scientific

5  advancements might facilitate revocation while delays and other effects linger, it is unlikely the

6  plaintiffs will be subject to the same action again. *See Doe No. 1 v. Reed*, 697 F.3d 1235, 1240

7  (9th Cir. 2012). Plaintiffs point to the recent enactment of proclamations limiting immigration and

8  travel in response to the pandemic. *See, e.g.* Proclamation No. 10199, *Suspension of Entry as*

9  *Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus*

10 *Disease 2019*, 86 Fed. Reg. 24297 (2021) (suspending "entry into the United States, as

11 nonimmigrants, noncitizens who were physically present within the Republic of India during the

12 14-day period preceding their entry or attempted entry into the United States"). Plaintiffs sweep

13 too broadly. The issuance of an entirely different, far narrower proclamation potentially barring

14 from entry a subset of those affected by Proclamation 10014 does not create the "reasonable

15 expectation" that Plaintiffs will again face a near-complete ban on immigration.[2] Moreover, the

16 language of the revocation indicates Proclamation 10014, or any proclamation tethering

17 immigration to the domestic labor market, is unlikely to be revived or issued. Proclamation 10149

18 states that "[t]he suspension of entry imposed in Proclamation 10014 . . . does not advance the

19 interests of the United States," but rather "harms the United States" by keeping families separated,

20 "harms industries in the United States that utilize talent from around the world[,]" and harms DV

21 2020 lottery winners. 86 Fed. Reg. 11847 (2021). Plaintiffs have therefore not shown this narrow

22 exception to mootness applies.

### V. CONCLUSION

24 For the reasons set forth above, the motion to dismiss is granted and the case is dismissed

---

[2] The three Plaintiffs who are citizens of the Republic of India are entitled to file a separate case challenging Proclamation 10199, though they may lack standing as they are parties to immigrant, rather than nonimmigrant, visa cases.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 20-cv-07869-RS
7

as moot. All pending motions are denied as moot. The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated: July 22, 2021

_____
RICHARD SEEBORG
Chief United States District Judge